IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Taylor,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>James B. Lybrand, of McDonald, McKenzie, Rubin, Miller, and Lybrand, LLP;<br>State Farm Insurance Company, and<br>Thomas Davis,<br><br>　　　　　　　　Defendants. | C/A No. 3:11-1264-CMC-PJG<br><br><br>**REPORT AND<br>RECOMMENDATION** |

The plaintiff, Charles Taylor ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

The Complaint in this case was filed by Plaintiff, a resident of Sumter County, South Carolina, following the conclusion of a civil trial arising from a motor vehicle accident in which Plaintiff was allegedly seriously injured. The trial was conducted in South Carolina state court in the Richland County Court of Common Pleas on May 17, 2011. The case name and number for that state court action was <u>Taylor v. Budget Truck Rental</u>, Case No. 2007-CP-40-08423. Plaintiff is not satisfied with the amount of damages awarded to him at the end of the state court trial. In his original Complaint (ECF No. 1), he claims that Defendant Lybrand, defense counsel in the state case, and Defendant State Farm, the insurer of the driver of the vehicle that injured Plaintiff, conspired to deprive him of a fair

trial by using an argumentative cross examination tactic based on only part of the past tax returns of a defunct corporation that Plaintiff was involved in. He further claims that defense counsel falsely called him a tax cheat and that Lybrand's trial tactics caused the jury to disbelieve that he was as injured as he claimed, resulting in an unreasonably low verdict. He alleges that Lybrand and State Farm violated his right to a fair trial, and asks for $50 million in damages.

Following initial review of the originally filed Complaint, the assigned magistrate judge issued an Order directing Plaintiff to correct a summons form that was submitted, to prepare and submit other service documents, and to answer through Special Interrogatories several background questions about the state court case and its status. (ECF No. 9.) Plaintiff responded to the Order with the required service documents and his Answers to the Court's Special Interrogatories. (ECF No. 13.) Copies of several documents relating to post-trial aspects of the state court case were attached as exhibits to Plaintiff's Answers to the Court's Special Interrogatories. These documents were not requested by the court in its Special Interrogatories, which only sought limited information from Plaintiff as to whether or not an appeal was filed after the conclusion of the state court case and, if so, the status of that appeal. Review of the documents in the exhibit discloses that, for unknown reasons, after this court issued its initial Order in this case, Plaintiff obtained an affidavit from one of his opponents in the state case (Thomas Davis) in which the opponent references this federal case and asserts that defense attorneys, acting on his behalf, committed misconduct in the state case. The affidavit appears to have been provided to Defendant Lybrand at least through the mail. Also included in the exhibit is a copy of a cover letter from the Clerk of the South Carolina Court of Appeals and a copy of

an order issued by the court both dated June 27, 2011 and each referencing an "agreement" between the parties to dismiss the appeal. The order dismisses the appeal "pursuant to Rule 260(b), SCACR."[1] The cover letter shows that a copy of it and of the order were mailed to Defendant Lybrand.

In addition to his Answers to the Court's Special Interrogatories, Plaintiff submitted an Amended Complaint in which he adds an additional Defendant—Thomas Davis—and makes claims of wrongdoing against Davis. The document also purports to state additional claims of "breach of contract" against original Defendant State Farm and "slander" against original Defendant Lybrand, and adds a request for punitive damages. A copy of the "agreement" for dismissal of the state appeal signed by Plaintiff and Davis is attached as an exhibit to the Amended Complaint.[2] (ECF No. 12.) The original Complaint is docketed as an attachment to the Amended Complaint in order to preserve all issues in this case, and this Report is based on review of all allegations of the Amended Complaint, as

---

[1] This rule provides for "agreed dismissal" and states, in relevant part, that "[i]f the parties to an appeal . . . shall sign and file with the clerk of the appellate court an agreement that the proceeding be dismissed, the appellate court may enter an order of dismissal."

[2] The agreement contains language under which Plaintiff and Davis "agree" to proceed in this Court to settle their differences as opposed to continuing in the state Court of Appeals. In this regard, the court observes that individuals or entities cannot enter an "agreement" among themselves to confer federal jurisdiction over their disputes. Ins. Corp. of Ireland , Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); Beck v. Alabama, 447 U.S. 625, 630 n.6 (1980) ("the parties, of course, cannot confer jurisdiction on this Court by agreement . . . ."). Regardless of what Plaintiff and Defendant Davis stated in their post-trial agreement or what they did in reliance on the agreement (e.g., dismissed the state appeal), if this Court does not have subject matter jurisdiction over the claims presented by the Complaint, this case must be dismissed.



supplemented by the contents of all attachments thereto. All future references to the Amended Complaint include the actual pleading and all attachments thereto.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." <u>Denton</u>, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. <u>Neitzke</u>, 490 U.S. 319; <u>Allison v. Kyle</u>, 66 F.3d 71 (5th Cir. 1995).

PJG

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

In order for this Court to hear and decide a case, the court must first have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. American Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951). It is presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations in the Amended Complaint filed by Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction, and Plaintiff has identified no other source of federal jurisdiction. As a result, this case should be summarily dismissed without the issuance of service of process for any defendant.

First, Plaintiff's claims against Defendant Davis for personal injury arising from a vehicle accident, against Defendant State Farm for breach of contract, and against Defendant Lybrand for slander (defamation) are all state law claims that can only be heard by this court under its diversity jurisdiction or by way of supplemental jurisdiction *if viable claims arising from the same operative facts are stated that fall within the court's federal question jurisdiction*. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Cianbro

Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992); see, e.g., Howell v. U.S. Fid.& Guar. Ins. Co., 636 S.E.2d 626 (S.C. 2006) (insurance contract action filed under diversity jurisdiction in federal court); Howard v. Roberson, 654 S.E.2d 877 (S.C. Ct. App. 2007) (automobile accident, personal injury); Camden v. Hilton, 600 S.E.2d 88, 91 (S.C. Ct. App. 2004) (defamation).  Unfortunately for Plaintiff, there is no basis for a finding of diversity jurisdiction over his Amended Complaint, and as discussed later in this Report, no viable federal question claim is stated that would permit the court to exercise supplemental jurisdiction to consider any state law claims.

The diversity statute, 28 U.S.C. § 1332(a), requires *complete* diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
>    (1) *citizens of different States*[.]

28 U.S.C. § 1332 (emphasis added).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978).  This court has no diversity jurisdiction over the claims made in this case because, according to the information provided by Plaintiff when he filed his Complaint and submitted his supplemental pleading and service documents, Plaintiff and both Defendants Lybrand and Davis are residents of South Carolina.  Even though Plaintiff provides an Atlanta, Georgia address for Defendant State Farm, the fact that one of several defendants resides in a different state is not sufficient to confer diversity jurisdiction where other defendants reside in the same state as Plaintiff.  See id. at 373-74.  In the absence of complete diversity of



citizenship, the amount in controversy is irrelevant. 28 U.S.C. § 1332; see Owen, 437 U.S. at 372-374.

Second, the state law claims against the defendants cannot be considered under the court's supplemental jurisdiction because the essential allegations contained in the Amended Complaint are insufficient to show any viable claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In other words, the Amended Complaint does not state a claim cognizable under this court's "federal question" jurisdiction.

Plaintiff claims that Defendants Lybrand, State Farm, and Davis violated his right to a fair trial in the state court. He claims that Lybrand improperly conducted cross examination of him and that the other two defendants benefitted from Lybrand's actions when the jury decided to award him only minimal damages and are, therefore, also liable for the alleged violations. Plaintiff references the Sixth and Seventh Amendments to the United States Constitution as the basis for these claims. However, the Sixth Amendment's "fair trial" guarantees do not apply to civil actions, as that amendment speaks only to criminal cases. Gannett Co., Inc. V. DePasquale, 443 U.S. 368, 386 n.15 (1979). Moreover, even though the Seventh Amendment does generally "preserve" the right to a jury trial in a civil case, Colgrove v. Battin, 413 U.S. 149, 155-56 (1973), for Plaintiff to recover damages from anyone because of a violation of his Seventh Amendment rights (or any federal constitutional), his allegations must satisfy the requirement of the federal statute under which constitutional violation claims may be brought in federal court: 42

PJG

U.S.C. § 1983.³  No other potential basis for federal question jurisdiction is evident from the face of the pleadings.

To state a viable cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant injured him by depriving him of a federal right, and (2) did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).  A litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action."  See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982).  To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor."  Lugar v. Edmondson Oil Co., 457 U.S. 922 , 937 (1982); see United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen  Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir. 1991).  Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983.  See Lugar, 457 U.S. at 936; Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

There are no allegations in Plaintiff's Amended Complaint which attribute any of the defendants' actions to state action.  Defendant Lybrand is not a government official or

---

³ Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. McKnight v. Rees, 88 F.3d 417 (6th Cir. 1996) (emphasis added).



employee, but, rather, is a private individual who was acting as an attorney for a private company (State Farm) and/or individual (Davis) in connection with Plaintiff's civil case in state court.  Defendant Davis is a private person, not a government official or employee.  Therefore, Plaintiff's allegations that Defendant Lybrand violated his constitutional rights in connection with his conduct of the defense in Plaintiff's civil case and that the other two defendants are also responsible because they benefitted from his activity do not establish "federal question" jurisdiction in this case.

In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed.  Because Plaintiff fails to state a viable claim cognizable under this court's federal question jurisdiction against any defendant, this court should dismiss all the state law claims stated in the Amended Complaint without prejudice so that Plaintiff may pursue his remedies in an appropriate state forum should he choose to do so.  Webb v. McCullough, 828 F.2d 1151, 1160 (6th Cir. 1987).

## RECOMMENDATION

Accordingly, the court recommends that the Amended Complaint in this case be dismissed without prejudice and without issuance and service of process.  See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. at 324-25.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 1, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).