IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Charles Taylor, ) | C.A. No. 3:11-1264-CMC-PJG |
| ) | |
| Plaintiff, ) | AMENDED[1] |
| ) | OPINION AND ORDER |
| v. ) | |
| ) | |
| James B. Lybrand of McDonald, McKenzie, ) | |
| Rubin, Miller, and Lybrand, LLP; State Farm ) | |
| Insurance Company, and Thomas Davis, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on August 2, 2011. Dkt. No. 17. For the reasons set forth below, the Report is adopted and this action is dismissed for lack of subject matter jurisdiction. This dismissal is, therefore, without prejudice to refiling in an appropriate (non-federal) jurisdiction or pursuit of post-judgment relief in the state court system.[2]

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is

---

[1] This order is amended in two respects. One modification was requested by Defendant James B. Lybrand, Esquire ("Lybrand"), who moved to alter or amend the judgment. The other modification was requested by Plaintiff in his responsive memorandum. Both modifications relate to the court's characterization of Plaintiff's allegations. Neither has any impact on the court's resolution of this matter. *See infra* nn.3, 4.

[2] Whether Plaintiff has waived his right to such relief is a matter for the state court to decide.

made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Through this action, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, seeks damages for claims arising out of a state-court civil action. That action related to a motor vehicle accident between Plaintiff and Defendant Thomas Davis. Plaintiff alleges that Davis was represented in the state-court action by Defendant Lybrand and that Defendant State Farm Insurance Company was Davis's insurer at the time of the accident.[3]

Plaintiff alleges that Defendants' conduct in the state-court action, most particularly the conduct of Lybrand, was improper or illegal[4] and resulted in deprivation of Plaintiff's right to a fair trial as well as breach of contract, and slander.[5] Plaintiff asserts that State Farm is responsible for

---

[3] This sentence is a combination and modification of two sentences found in the original order. The modification was made at Lybrand's request and clarifies that the court is referring to Plaintiff's allegations, not making a finding of fact. *See* Dkt. No. 25 (Lybrand's motion to alter or amend). It has no impact on the court's ultimate determination.

[4] The words "or illegal" were added at Plaintiff's request. *See* Dkt. No. 26. This addition refers only to allegations and has no impact on the court's ultimate determination.

[5] The original complaint asserted claims against Lybrand and State Farm for violation of Plaintiff's right to a fair trial in violation of the state and federal constitutions. Dkt. No. 1. The amended complaint added claims for breach of contract and slander against the original two Defendants and also added Davis as a Defendant. Dkt. No. 12. The original complaint was attached to and incorporated into the amended complaint. Dkt. No. 12-2; Report at 3-4.

Lybrand's conduct because it hired Lybrand, knew of his actions, and condoned them. Plaintiff's claims against Davis, in contrast, are based on his failure to remain knowledgeable of the litigation and, as the named Defendant, to control Lybrand's actions.

The Report recommends that the matter be dismissed without prejudice and prior to service of process because this court lacks subject matter jurisdiction over the dispute. This is because there is no basis for the assertion of a federal claim and the parties are not completely diverse.[6]

As the Report explains, any federal claim which might be implied by either the amended or incorporated original complaint fails because there is no allegation which would support an inference that any Defendant acted under color of state law. Report at 9 (addressing elements of a claim under 42 U.S.C. § 1983). Moreover, the federal constitutional rights on which Plaintiff purports to rely do not address the type of malfeasance alleged here. Report at 8 (noting Sixth Amendment does not apply to civil actions and Seventh Amendment addresses the right to a jury trial, not any right relating to an attorney's litigation-related conduct).[7]

Plaintiff was advised of his right to object to the Report. He did not file any objection despite passage of the time allowed for doing so. The court has, therefore, reviewed the Report for clear error. Finding none, the court adopts the Report in full.

---

[6] The complaint and amended complaint (adding Davis as a Defendant) reveal that Plaintiff, Lybrand, and Davis are all "residents" of South Carolina. *See* Report at 7. Nothing in the record suggests that, despite the common residency, Plaintiff and these two Defendants are citizens of different states. Thus, complete diversity is lacking.

[7] To the extent Plaintiff seeks review a state court judgment, his action would also be barred by the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

**CONCLUSION**

For the reasons set forth above, the Report and Recommendation is adopted and this action is dismissed without prejudice to refiling of the action in a proper (non-federal) forum.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
September 15, 2011